IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


United States of America,        :

      Plaintiff,              :

    v.                            :    Case No. 2:08-cr-0139

Julius Dante Drake,              :    JUDGE SARGUS

      Defendant.             :

<u>DETENTION ORDER</u>

The Court held a detention hearing in this case on
July 16, 2008.  After hearing argument, the Court detained the
defendant without bond.  The reasons for that action are set
forth below.

Defendant was indicted and charged with three offenses:
possession of cocaine with the intent to distribute, possession
of marijuana with the intent to distribute, and carrying a
firearm in connection with a drug trafficking offense.  All three
offenses allegedly occurred on February 26, 2008.  The indictment
demonstrates probable cause to believe that the defendant
committed these offenses.  The cocaine and weapons charges carry
with them a presumption of detention, explained as follows.

<u>Legal Standard Applicable</u>. The United States' request
for detention is based primarily upon the presumption that
arises under 18 U.S.C. §3142(e) for persons charged with serious
drug offenses and certain firearm offenses.  That statute states,
in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person
> as required and the safety of the

> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence. However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985). There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden. Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community. That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that

many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The Pretrial Services report contains little positive information about the defendant.  Although he is a life-long resident of Ohio, his residence in the past few years has been unstable.  He has only a sporadic work history.  He has a lengthy criminal record, even though he is only 28, which includes both drug and weapons convictions.  In fact, in September of 2007 he was arrested and charged with felony drug possession and attempted carrying a concealed weapon.  While that case was still pending, he apparently committed these new drug and weapons

-3-

offenses.  He has since been convicted of the state charges.  His record also reflects numerous failures to appear in court and a probation hold.  In the Court's view, the defendant simply did not rebut the presumption present in this case that he is both a danger to the community and a risk of flight.  For all of these reasons, the Court detained the defendant without bond pending trial.

The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge

-4-